**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4607**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HAROLD ELLIS JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    William  D.  Quarles,  Jr.,  District
Judge.  (1:02-cr-00305-WDQ-1)

Submitted:  May 30, 2013                Decided:  June 7, 2013

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, James G.
Warwick, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Ellis Jackson appeals after pleading guilty to bank robbery, in violation of 18 U.S.C. § 2113(b) (2006), and challenges his 151-month sentence. On appeal, Jackson contends that his guilty plea was not knowing and voluntary because, since he was sentenced in 2003, the law has changed and two convictions used to qualify him as a career offender are no longer valid predicate felonies.[1] He also argues that he received ineffective assistance of counsel when his counsel permitted him to plead guilty and stipulate to the career offender designation. We dismiss in part and affirm in part.

The Government moved to dismiss the appeal based on the waiver of appellate rights in Jackson's written plea agreement. As part of the plea agreement, Jackson agreed to waive his right to "appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range established at sentencing." In the plea agreement, Jackson admitted that he is a career offender under Guideline Section

_____

[1] The appeal was delayed, and there have been 28 U.S.C.A. § 2255 (West Supp. 2012) proceedings. The district court granted Jackson's § 2255 motion in part and permitted a belated appeal on July 31, 2012.

2

4B1.1, because he has previously been convicted of robbery with a deadly weapon in 1995, battery in 1990, and robbery in 1985. The district court sentenced Jackson to 151 months' imprisonment, at the low end of the Sentencing Guidelines range.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). As we recently explained, "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.) (internal alteration, quotation marks, and emphases omitted), cert. denied, 133 S. Ct. 196 (2012). Whether a defendant validly waived his right to appeal is a question of law we reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Jackson's counsel did not contest the Government's assertions in the motion to dismiss that Jackson knowingly and

3

voluntarily waived the right to appeal.  Jackson now contends that his guilty plea was not knowingly and voluntarily made because the Government, Jackson, and the court erroneously agreed that Jackson was a career offender.  Jackson contends that his Maryland 1990 battery conviction and 1985 robbery conviction do not qualify as predicate offenses under U.S. Sentencing Guidelines Manual § 4B1.1 (2002).  These arguments, however, are within the scope of the waiver.  We conclude that the record discloses that Jackson validly waived the right to appeal his sentence.  The language of the appeal waiver is clear and unambiguous.

However, Jackson contends that the waiver should now be considered invalid and unenforceable because of the beneficial change in law brought about by the decision in United States v. Gomez, 690 F.3d 194 (4th Cir. 2012) (if an offense has disjunctive elements that enumerate multiple categories of crimes, at least one of which requires proof of violent force and one which does not, a federal sentencing court may only then apply the modified categorical approach and look beyond a statutory definition to a limited list of judicial records found in Taylor v. United States, 495 U.S. 575 (1990) and Shepard v. United States, 544 U.S. 13 (2005)).  Jackson argues that, because the law has been clarified in his favor, the appeal waiver is no longer valid.  He also contends that the appeal

4

waiver does not bar a challenge to his conviction. While the conviction is not specifically included in the waiver of appellate rights, Jackson does not make any arguments challenging his conviction. Instead, he only challenges the calculation of his sentence—something he explicitly waived, and ineffective assistance related to that claim.

We reject Jackson's challenge to the validity of the waiver. As we recently explained in concluding that a defendant's Simmons-based[2] challenge to his career offender designation fell within the scope of an appeal waiver expressly waiving his right to appeal a sentence falling within the advisory Guidelines range established at sentencing, "a party cannot ask to re-bargain the waiver of his right to appeal because of [post-plea] changes in the law." United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (internal quotation marks and ellipsis omitted). Accordingly, we determine that the appeal waiver is valid and enforceable as to Jackson's sentencing claim and dismiss the claim.

Next, Jackson argues that counsel was ineffective during the plea negotiations phase by permitting him to stipulate to the career offender designation. He contends that he was prejudiced because, without the stipulation, he would

---

[2] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

have a Guidelines range of 63 to 78 months instead of 151 to 188 months. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. Massaro v. United States, 538 U.S. 1690, 1693-94 (2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

To demonstrate ineffective assistance, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 692, 694 (1984). Jackson contends that counsel should have raised a Shepard-based challenge and objected to the career offender enhancement. Shepard was not decided until 2005, approximately two years after Jackson was convicted. At the time Jackson was sentenced, it is undisputed that all his predicate felonies qualified. Therefore, there was no reason for counsel to raise such a challenge, and the result would not have been different. Consequently, there is no ineffective assistance appearing conclusively on the record.

6

We therefore grant in part the Government's motion to dismiss the appeal and dismiss the portion of the appeal challenging Jackson's sentence. We affirm the portion of the appeal raising ineffective assistance of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART